IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDON A. JOHNSON<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD<br>　KANSAS SOLUTIONS, INC.<br><br>　　　　Defendant. | Case No. 24-CV-_____-_____ |

## COMPLAINT

COMES NOW, The Plaintiff, Brandon A. Johnson, by and through his counsel of record, Stephen D. Lanterman and the law firm of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, LLC., and states and alleges the following claims for relief against the defendant, Blue Cross Blue Shield of Kansas.

## JURISDICTION AND VENUE

1. This is an employment case based upon and arising under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, et seq and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, et seq.

2. This court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law. Some of these claims were included in a timely administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issues a right-to-sue letter to the Plaintiff regarding these claims, and this action was filed within 90 days after receipt of the right-to sue-letter.

3. All of the wrongful acts and practices alleged below were committed within the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c).

## PARTIES

4. The Plaintiff, Brandon A. Johnson, is an individual residing in Topeka, Shawnee County, Kansas who worked for BlueCross BlueShield of Kansas.

5. The Defendant, BlueCross BlueShield of Kansas, is a Unites States-based federation with 34 independent and locally operated BCBSA companies that provide health insurance in the United States to more than 115 million people, whose headquarters is in Chicago, IL. The Defendant can be served a to Resident Agent, BlueCross BlueShield Kansas Solutions, Inc. at 1133 SW Topeka Blvd., Topeka, KS 66629.

## FACTUAL ALLEGATIONS

6. The Plaintiff began working for the Defendant, in November of 2015 in the Customer Service Department.

7. In January of 2020, Plaintiff's immediate supervisor changed to Jonathan Tuck and manager was Michele Stanley.

8. Mr. Tuck began questioning Plaintiff's extended break usage and requested an explanation or he would not be accommodated in December of 2021.

9. In January of 2022, Plaintiff visited his primary physician, who filled out disability forms from BlueCross BlueShield. The accommodation allowed a daily two (2) fifteen (15) to twenty (20) minutes breaks. Plaintiff then provided these forms to Human Resource Representative, Andrea Irvin.

10. Following the couple months, Mr. Tuck would approach the Plaintiff telling him to fill out the disability forms for Plaintiff's accommodation or Plaintiff would not be accommodated.

11. Plaintiff explained to Mr. Tuck that he had already provided the disability forms to Human Resources and was under the understanding that he was being accommodated already.

12. Following this incident, Mr. Tuck followed up with Human Resources Representative, Ms. Irvin, who had approved the accommodation for six (6) months since she received the disability form.

13. Shortly after, Plaintiff was notified that his six (6) months for accommodation had expired, and Plaintiff needed to resubmit new disability forms in order to receive accommodation for his extended use of breaks.

14. In July of 2022, Plaintiff scheduled another appointment with this primary physician to fill out the disability forms for a second time. Shortly after, Plaintiff provided the forms to Human Resources.

15. Once the disability forms were submitted to Human Resources, Plaintiff received a notification that his request for accommodation was denied by a committee.

16. Plaintiff then filed a charge of discrimination with the EEOC which prompted for a legal investigation of BlueCross BlueShield of Kansas, Inc.

17. In October of 2022 during the EEOC's investigation, Human Resources continued to notify Plaintiff that he was no longer able to use twenty (20) minute breaks when using the restroom.

18. In February of 2023, Plaintiff noticed that his Paid Time Off (PTO) was being docketed daily for his twenty (20) minute break, he was needing.

19. In April of 2023, Plaintiff had a meeting with Human Resource Representative, April Gear, to explain the issues that were presently happening in regard to his accommodation.

20. After the meeting with Ms. Gear, Plaintiff began noticing that his inquires at work were starting to be changed causing Mr. Tuck to accuse Plaintiff of not completing his work in a timely matter.

21. In September of 2023, Mr. Tuck and Supervisor, Adrienne Jones, held a remote meeting with Plaintiff in regard to having a "bad attitude toward Management".

22. After this interaction, Plaintiff requested all further meetings with management to be on the record because Plaintiff began feeling harassed.

23. Even after Plaintiff's request, management continued to schedule off the records meetings to discuss the issues regarding then accommodation request. When Plaintiff expressed that the meetings needed to be on the record, management considered his behavior was insubordinate of his work responsibilities.

24. In October of 2023, Plaintiff tried to begin his workday and was unable to log in. While on the phone with tech support transferred Plaintiff to speak to Manager, Michelle Stanley, who informed Plaintiff that he was terminated from BlueCross BlueShield of Kansas, Inc.

25. Following that afternoon, Plaintiff received a letter by FedEx explaining Plaintiff had until 5 p.m. to follow up with the leadership team or he would be voluntary terminated.

26. On October 26, 2023, Plaintiff was terminated from his employment with BlueCross BlueShield of Kansas Inc.

## COUNT I: FAILURE TO ACCOMMODATE

27. The above paragraphs are incorporated herein by reference.

28. Plaintiff has is disabled within the meaning of the ADA because he has a gastrointestinal condition that required him to take extended breaks.

29. In violation of the ADA, Defendant discriminated against Plaintiff because of his disability by failing to grant his request for a reasonable accommodation, namely, extended restroom breaks.

30. As a result of Defendant's failure to reasonably accommodate Plaintiff, he has suffered damages in the form of emotional distress, mental anguish, and humiliation.

31. By failing to reasonably accommodate Plaintiff, Defendant acted with malice, or with reckless indifference to Plaintiff's federally protected rights. Consequently, Defendant is liable for punitive damages.

WHERFORE, Plaintiff prays for judgment against Defendant in the excess of $75,000.00, consisting of damages for emotional distress, mental anguish, humiliation, and anger, plus punitive damages, attorney fees, litigation expenses, prejudgment interest, and such other relief the court deems just and proper.

## COUNT II: DISABILITY DISCRIMINATION

32. The above paragraphs are incorporated herein by reference.

33. In violation of the ADA, Defendant discriminated against Plaintiff because of his disability by subjecting him to adverse employment actions including: (a) requiring him to not have sufficient time to use extended breaks; and (b) terminating his employment.

34. As a result of Defendant's discrimination against Plaintiff, he suffered damages in the form of loss of past and future compensation and benefits, emotional distress, mental anguish, humiliation, and anger.

35. By discriminating against Plaintiff because of his disability, Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. Consequently, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff pray for judgment against Defendant in excess of $75,000.00, consisting of damages of loss of past and future compensation and benefits, emotional distress, mental anguish, humiliation, and anger, plus punitive damages, attorney fees litigation expenses, prejudgment interest, and such other relief the court deems just and proper.

## **COUNT III: HOSTILE WORK ENVIRONMENT**

36. The above paragraphs are incorporated herein by reference.

37. During his employment with Defendant, Plaintiff was subjected to a hostile work environment, based on his disability. This hostile work environment consisted of leadership threating, demeaning, and abusive conduct toward Plaintiff.

38. The discriminatory intimidation, ridicule, and insult to which Plaintiff was subjected was sufficiently severe or pervasive to alter the conditions of his employment, and to create an abusive work environment. This abusive work environment violated ADA.

39. As a result of the hostile work environment to which he was subjected, Plaintiff has suffered damages in the form of emotional distress, mental anguish, humiliation and anger.

40. By subjecting Plaintiff to a hostile work environment, Defendant acted malice or with reckless indifference to Plaintiff's federally protected rights. Consequently, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $75,000.00 consisting of damages for emotional distress, mental anguish, humiliation, and anger, plus punitive damages, attorney fees, litigation expenses, prejudgment interest, and such other relief the court deems just and proper.

## COUNT IV: RETALIATION

41. All of the above paragraphs are incorporated herein by reference.

42. Plaintiff engaged in activity protected by the ADA and the RA by requesting Defendant to grant a reasonable accommodation for his disability, and by filing an administrative charge against Defendant with the Kansas Human Rights Commission.

43. In violation of the ADA and the RA, Defendant retaliated against Plaintiff for engaging in protected activity, specifically, by failing to grant Plaintiff's continuing request for a reasonable accommodation, and by terminating his employment.

44. As a result of Defendant's intentional retaliation against Plaintiff, he has suffered damages in the form of loss of past and future compensation and benefits, emotional distress, mental anguish, and loss of enjoyment of life.

45. By retaliating against Plaintiff, Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. Therefore, Defendant is liable for punitive damages under the ADA.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $75,000.00, consisting of loss of past and future compensation and benefits, emotional

distress, mental anguish, loss of enjoyment of life, punitive damages, attorney fees, litigation expenses, prejudgment interest, and such other relief the court deems just and proper.

## COUNT V: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE KANSAS ACTS AGAINST DISCRIMINATION

46. The above paragraphs are incorporated herein by reference.

47. Plaintiff has is disabled within the meaning of the Kansas Acts Against Discrimination (KAAD) because he has a gastrointestinal condition that required him to take extended breaks.

48. In violation of the KAAD, Defendant discriminated against Plaintiff because of his disability by failing to grant his request for a reasonable accommodation, namely, extended restroom breaks.

49. As a result of Defendant's failure to reasonably accommodate Plaintiff, he has suffered damages in the form of the loss of salary and pay, punitive damages, prejudgment interest, compensatory damages, attorneys fees, litigation expenses.

50. By failing to reasonably accommodate Plaintiff, Defendant acted with malice, or with reckless indifference to Plaintiff's rights under State Law. Consequently, Defendant is liable for punitive damages.

WHERFORE, Plaintiff prays for judgment against Defendant in the excess of $75,000.00, consisting of loss of salary and pay, punitive damages, prejudgment interest, compensatory damages, attorneys fees, litigation expenses and such other relief the court deems just and proper.

**COUNT VI: DISABILITY DISCRIMINATION
IN VIOLATION OF THE KANSAS ACTS AGAINST DISCRIMINATION**

51. The above paragraphs are incorporated herein by reference.

52. In violation of the KAAD, Defendant discriminated against Plaintiff because of his disability by subjecting him to adverse employment actions including: (a) requiring him to not have sufficient time to use extended breaks; and (b) terminating his employment.

53. As a result of Defendant's discrimination against Plaintiff, he suffered damages in the form of the loss of salary and pay, punitive damages, prejudgment interest, compensatory damages, attorneys fees, litigation expenses.

54. By discriminating against Plaintiff because of his disability, Defendant acted with malice or with reckless indifference to Plaintiff's rights under State Law. Consequently, Defendant is liable for punitive damages.

WHEREFORE, Plaintiff pray for judgment against Defendant in excess of $75,000.00, consisting of loss of salary and pay, punitive damages, prejudgment interest, compensatory damages, attorneys fees, litigation expenses and such other relief the court deems just and proper.

**COUNT VII: RETALIATION
IN VIOLATION OF THE KANSAS ACTS AGAINST DISCRIMINATION**

55. All of the above paragraphs are incorporated herein by reference.

56. Plaintiff engaged in activity protected by the Kansas Acts Against Discriminaton by requesting Defendant to grant a reasonable accommodation for his disability, and by filing an administrative charge against Defendant with the Kansas Human Rights Commission.

57. In violation of the KAAD, Defendant retaliated against Plaintiff for engaging in protected activity, specifically, by failing to grant Plaintiff's continuing request for a reasonable accommodation, and by terminating his employment.

58. As a result of Defendant's intentional retaliation against Plaintiff, he has suffered damages in the form of loss of salary and pay, punitive damages, prejudgment interest, compensatory damages.

59. By retaliating against Plaintiff, Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. Therefore, Defendant is liable for punitive damages under the KAAD.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $75,000.00, consisting of loss of salary and pay, punitive damages, prejudgment interest, compensatory damages, attorneys fees, litigation expenses and such other relief the court deems just and proper.

## **COUNT V: WRONGFUL TERMINATION FROM EMPLOYMENT**

60. All of the above paragraphs are incorporated herein by reference.

61. In violation of the State Law, Defendant intentionally discriminated against Plaintiff because of his disability by terminating his employment on October 26, 2023.

62. As a result of Defendant's intentionally discriminatory termination of Plaintiff's employment, Plaintiff has suffered damages in the form of loss of past and future compensation and benefits, emotional distress, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $75,000.00, consisting of loss of past and future compensation and benefits, emotional

distress, mental anguish, loss of enjoyment of life, attorney fees, litigation expenses, prejudgment interest, and such other relief the court deems just and proper.

Respectfully submitted:

Sloan, Eisenbarth, Glassman,
  McEntire & Jarboe, LLC
534 S. Kansas Ave., Ste. 1000
Topeka, KS 66603-3456
Office: (785) 357-6311
Fax:(785) 357-0152

By: _____
Stephen D. Lanterman, KS #18844
**ATTORNEYS FOR PLAINTIFF**

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

Respectfully submitted:

Sloan, Eisenbarth, Glassman,
  McEntire & Jarboe, LLC
534 S. Kansas Ave., Ste. 1000
Topeka, KS 66603-3456
Office: (785) 357-6311
Fax:(785) 357-0152

By: _____
Stephen D. Lanterman, KS #18844
**ATTORNEYS FOR PLAINTIFF**

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff request that Topeka, Kansas, be designated as place of trial in this case.

Respectfully submitted:

Sloan, Eisenbarth, Glassman,
 McEntire & Jarboe, LLC
534 S. Kansas Ave., Ste. 1000
Topeka, KS 66603-3456
Office: (785) 357-6311
Fax:(785) 357-0152

By: _____
Stephen D. Lanterman, KS #18844
**ATTORNEYS FOR PLAINTIFF**